NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
        marnold@nolanheimann.com

Attorneys for Plaintiff
Leg Avenue, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEG AVENUE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FABRIC AND FABRIC, INC., a California corporation; DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  2:24-cv-10681<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. TRADEMARK INFRINGEMENT AND**<br>    **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)**<br><br>**3. UNFAIR COMPETITION**<br>    **(CAL. BUS. & PROF. CODE § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff Leg Avenue, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

**PARTIES**

1.  Plaintiff Leg Avenue, Inc. ("Leg Avenue"), is a California corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California.

2.  Defendant Fabric and Fabric, Inc. ("Defendant") is a California corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California. Defendant manufactures and distributes apparel to stores located in California for the purpose of consumer retail sale. Defendant also uses its website http://www.fabricandfabric.net to sell directly to consumers.

3.  The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Leg Avenue, who therefore sues said Defendants by such fictitious names. Leg Avenue will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

**JURISDICTION AND VENUE**

4.  Subject matter jurisdiction is vested in this Court under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of parties under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claim, as that claim is so closely related to the federal claims, forming part of the same case or controversy.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

### Leg Avenue's Ownership of its Product Packaging

6. Leg Avenue is a leading manufacturer and seller of women's lingerie and exotic costumes.

7. Leg Avenue uses distinctive packaging for its products.

8. For several product lines, the front of its packaging includes a black rectangle that surrounds a product photo, a pink border around the product photo, the "Leg Avenue" name in pink along the top center of the rectangle, and a cutout pink heart at the bottom right that shows the product inside the packaging (the "Leg Avenue Packaging").

9. A true and correct copy of the Leg Avenue Packaging is depicted as follows:



10. The Leg Avenue Packaging was first used in commerce in 2010 and was registered with the United States Patent and Trademark Office ("USPTO") in 2014 under Registration Number 4612675.

**Leg Avenue's Ownership of Product Photos 1-5**

11.  Leg Avenue is the creator and author of numerous product photos including Product Photos 1-5 as identified here:


Product Photo 1


Product Photo 2


Product Photo 3


Product Photo 4


Product Photo 5

12.  Product Photos 1-5 were registered for federal copyright in 2023 as part of Leg Avenue's *2020 Lingerie Catalog* registration, number VA0002337903.

13. In addition to the *2020 Lingerie Catalog*, Product Photos 1-5 also appeared in the *2021 Lingerie Catalog* and on the legavenue.com website.

### **Defendant's Infringement Activities**

14. Defendant is also a manufacturer and seller of women's apparel.

15. Instead of creating original designs, Defendant routinely copies designs from its competitors and creates knockoff goods.

16. For example, Defendant copied each of Leg Avenue's bodysuit designs that are depicted in Product Photos 1-5 (the "Knockoff Bodysuits").

17. To sell its Knockoff Bodysuits, Defendant copied the federally registered Leg Avenue Packaging and utilized the same black rectangle, pink outline around the product photo, font placement along the top of the rectangle, and cutout pink heart at the bottom right that shows the product inside the packaging.

18. Rather than create its own product photos, Defendant placed Leg Avenue's Product Photos 1-5 on the copied packaging to sell its Knockoff Bodysuits (the "Knockoff Bodysuit Packaging").

    a. To create Knockoff Bodysuit Packaging 1, Defendant used an obvious copy of the Leg Avenue Packaging and a copy of Leg Avenue's registered Product Photo 1:



  b. To create Knockoff Bodysuit Packaging 2, Defendant used an obvious copy of the Leg Avenue Packaging and a copy of Leg Avenue's registered Product Photo 2 but changed the color of the lingerie:



  c. To create Knockoff Bodysuit Packaging 3a and 3b, Defendant used an obvious copy of the Leg Avenue Packaging and a copy of Leg Avenue's registered Product Photo 3 but changed the color of the lingerie for Knockoff Bodysuit Packaging 3a:



COMPLAINT

    d.    To create Knockoff Bodysuit Packaging 4a and 4b, Defendant used an obvious copy of the Leg Avenue Packaging and a copy of Leg Avenue's registered Product Photo 4 but changed the color of the lingerie:



    e.    To create Knockoff Bodysuit Packaging 5, Defendant used an obvious copy of the Leg Avenue Packaging and a copy of Leg Avenue's registered Product Photo 5 but changed the color of the lingerie and reversed the direction of the image:



19. Defendant does not have Leg Avenue's permission or consent to copy, use or exploit Product Photos 1-5 or the Leg Avenue Packaging.

20. Defendant has marketed and sold and continues to market and sell its Knockoff Bodysuits in Knockoff Bodysuit Packaging 1, 2, 3a, 3b, 4a, 4b, and 5.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 *et seq*.)

21. Leg Avenue refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

22. Leg Avenue is the sole and exclusive owner of all rights, title, and interest in the copyrights to Product Photos 1-5, which are the subject of a valid and existing United States copyright, bearing copyright registration number VA0002337903.

23. The acts of Defendant complained of herein constitute infringement of Leg Avenue's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

24. All of Defendant's acts are and were performed without permission, license, or consent of Leg Avenue.

25. The foregoing acts of infringement by Defendant were willful, intentional, and purposeful, in disregard of and indifference to Leg Avenue's rights.

26. As a direct and proximate cause of the infringement by the Defendant of Leg Avenue's copyright and exclusive rights under copyright, Leg Avenue is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

27. Alternatively, Leg Avenue is entitled to statutory damages up to $150,000 per work infringed and per infringement for Defendant's willful infringement, pursuant to 17 U.S.C. § 504(c).

28. Leg Avenue is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

29. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Leg Avenue irreparable injury that

cannot be fully compensated by or measured in money damages. Leg Avenue has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A))

30. Leg Avenue refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

31. Leg Avenue has used the Leg Avenue Packaging in commerce since 2010 to identify its bodysuit and stocking lines.

32. The Leg Avenue Packaging, including without limitation, the use of a pink heart cutout, is distinctive and allows consumers to immediately identify that the product is from Leg Avenue.

33. The Leg Avenue Packaging was registered with the USPTO in 2014 under Registration Number 4612675.

34. Defendant has infringed the Leg Avenue Packaging, and created a false designation of origin, by using the Knockoff Bodysuit Packaging, which contains confusingly similar design elements, in commerce without Leg Avenue's permission.

35. Defendant's unauthorized use of design elements that are confusingly similar to the Leg Avenue Packaging constitutes a false designation of origin, a false or misleading description of fact, and false or misleading representation of fact.

36. Defendant's unauthorized use of design elements that are confusingly similar to the Leg Avenue Packaging has caused and is likely to continue to cause confusion, mistake, and/or deception as to the affiliation, connection or association of Defendant's products with Leg Avenue and the origin, sponsorship or approval of Defendant's products by Leg Avenue.

37. The aforesaid acts constitute trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

38. Defendant's acts constitute willful and intentional infringements of the Leg Avenue Packaging, and Defendant did these acts with the intent to trade upon Leg Avenue's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by, approved by, or originating from Leg Avenue, when they are not.

39. Defendant had actual knowledge of Leg Avenue's ownership and prior use of the Leg Avenue Packaging, and without consent of Leg Avenue, willfully violated 15 U.S.C. § 1125(a).

40. Defendant has acted in bad faith and/or willfully in using design elements confusingly similar to the Leg Avenue Packaging in connection with Defendant's products.

41. Defendant's infringing acts have caused and will continue to cause Leg Avenue to suffer irreparable injury to its reputation and goodwill. Leg Avenue does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

42. Leg Avenue refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

43. As set forth above, Defendant has engaged in unlawful business acts or practices, including copyright infringement, trademark infringement, and violations of the Lanham Act—all in an effort to gain unfair competitive advantage by trading on Leg Avenue's efforts and reputation.

44. Defendant's acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code §§ 17200 *et seq*.

45. In light of Defendant's conduct, it would be inequitable to allow Defendant to retain the benefit of any funds it obtained as a result thereof.

46. As a result of Defendant's unfair competition, Leg Avenue has suffered damages through lost sales and continuing damage to its business, goodwill, and reputation. Leg Avenue has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendant is enjoined from such unfair competition, will continue to suffer irreparable injury. Leg Avenue is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Leg Avenue prays for an award against Defendant as follows:

1. For statutory damages in the amount of $150,000 per each of Defendant's willful infringements of its copyrighted Product Photos 1-5, the total sum according to proof at trial;

2. That Defendant be required to account for all profits, income, receipts, or other benefits derived by it as a result of its unlawful conduct;

3. For actual damages and Defendant's profits in an amount according to proof at trial;

4. For preliminary and permanent injunctions restraining and enjoining Defendant, and all persons acting in concert with it, from copying, distributing or displaying Product Photos 1-5 and the Leg Avenue Packaging;

5. For treble damages;

6. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

7. For attorneys' fees and costs; and

8. For such other and further relief as the Court may deem just and proper.

///
///
///
///

## DEMAND FOR JURY TRIAL

Leg Avenue hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: December 11, 2024

NOLAN HEIMANN, LLP

By: __/s/ Jordan Susman_____
Jordan Susman
Attorneys for Leg Avenue, Inc.